UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
Case No.: 4:24-CV-00112-FL

American Builders, Inc.,

    Plaintiff,

v.

Alpha Plotter, LLC,

    Defendant.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS AND COMPEL ARBITRATION**

NOW COMES the Defendant, Alpha Plotter, LLC ("Alpha Plotter"), by and through its undersigned counsel of record, pursuant to Local Civil Rule 7.2 and Federal Rules of Civil Procedure 12(b)(1), 12(b)(3), and 12(b)(6), and submits this Memorandum of Law in Support of Defendant's Motion to Dismiss and Compel Arbitration. In support thereof, the undersigned say and allege as follows:

I.     **INTRODUCTION**

Through this action, the Plaintiff, American Builders, Inc. ("Plaintiff" or "American Builders"), asserts a single claim for breach of contract. Plaintiff claims that it is owed approximately $111,000 for construction services and approximately $5,000 in interest for services allegedly performed pursuant to a Construction Contract. However, the Construction Contract that Plaintiff relies upon contains a clear and explicit provision, which requires that this dispute be litigated through binding arbitration. Further, the Construction Contract required "friendly negotiations" and mediation *before* Plaintiff could pursue litigation through arbitration. However, rather than honoring its contractual obligations, Plaintiff instead initiated this action and then used the improper action to file an attachment on Alpha Plotter's property. As such, this action must be

1

dismissed, or, in the alternative, stayed with mediation/arbitration compelled against Plaintiff, and the attachment must be dissolved, given the Court's lack of jurisdiction over this action.

## II. FACTS AND BACKGROUND

Alpha Plotter is a limited liability company organized under the laws of California, with its principal place of business located in California.

On or about November 6, 2023, Alpha Plotter and the Plaintiff entered into a Construction Contract for certain construction services to be performed by American Builders. A copy of the Construction Contract is attached as Exhibit A to the Complaint. (*See* Doc. No. 1-1, at 10-14).

Through the Complaint, American Builders seeks payment of $111,900 for amounts that it alleges it is owed pursuant to the Construction Contract and alleged accrued interest in the amount of $5,407.99. *See* (Doc No. 1, at 3). American Builders asserts a single claim for breach of contract.

The Construction Contract contains a clear and explicit dispute resolution provision, which provides as follows:

> 20. DISPUTE RESOLUTION. The parties will attempt to resolve any dispute *arising out of or relating to this Agreement* through friendly negotiations amongst the parties. If the matter is not resolved by negotiation, the parties will resolve the dispute using the below Alternative Dispute Resolution (ADR) procedure.
>
> *Any controversy or dispute arising out of or relating to this Agreement* will be submitted to mediation in accordance with any statutory rules of mediation. If mediation is not successful in resolving the entire dispute or is unavailable, any outstanding issues will be submitted to final and binding arbitration under the rules of the American Arbitration Association. The arbitrator's award will be final, and judgment may be entered upon it by any court having proper jurisdiction.

(Doc. No. 1-1, ¶ 20) (emphasis added).

The Construction Contract also contains an integration provision, which makes clear that the Construction Contract is the "ENTIRE AGREEMENT" between the parties thereto:

21. ENTIRE AGREEMENT. This Contract contains the entire Agreement of the parties, and there are no other promises or conditions in any other contract or agreement whether oral or written concerning the subject matter of this Agreement. Any amendments must be in writing and signed by each party. This Agreement supersedes any prior written or oral agreements between the parties.

(Doc No. 1-1, ¶ 21).[1]

Despite the Construction Contract's clear requirement for pre-litigation "friendly negotiations" and mediation, and its explicit requirement that any subsequent litigation be brought through arbitration, on June 27, 2024, Plaintiff nonetheless filed this action in Pitt County Superior Court. Plaintiff did so without providing Alpha Plotter with its contractual right to pre-litigation negotiation or mediation, and despite the Construction Contract's explicit language requiring the dispute to be resolved through arbitration. Under applicable law, this action should be dismissed or, in the alternative, stayed subject to: (i) required negotiation, (ii) required mediation, and (iii) binding arbitration in lieu of litigation before this Court. Further, because jurisdiction is lacking, and previously was lacking in state court, the order of attachment that Plaintiff obtained after filing its improper civil action should be dissolved. (*See* Ex. B).

### III. LEGAL ARGUMENT

#### a. Applicable Legal Standard

The Court of Appeals for the Fourth Circuit has recognized motions to dismiss in favor of an arbitration provision under Federal Rules 12(b)(1), 12(b)(3), and 12(b)(6). *See, e.g., Aggarao v. MOL Ship Mgmt. Co., Ltd.*, 675 F.3d 355, 365-66 (4th Cir. 2012) (affirming motion to enforce arbitration provision and dismiss pursuant to Fed.R.Civ.P. 12(b)(3)); *Lomax v. Weinstock, Friedman & Friedman, P.A*, No. CCB-13-1442, 2014 U.S. Dist. LEXIS 5082, 2014 WL 176779,

---

[1] The Construction Contract was signed by Bo Tian on behalf of Alpha Plotter. Mr. Tian is no longer associated with and is estranged from the company. Alpha Plotter understands that the Construction Contract was drafted by Plaintiff and represents its standard agreement, meaning Plaintiff was fully aware of its contents and nonetheless initiated this action without engaging in required pre-litigation steps towards resolution.

3

at *2 (D. Md. Jan. 15, 2014), *aff'd sub nom*. 583 F. App'x 100 (4th Cir. 2014) ("Courts have found it proper to dismiss claims subject to arbitration agreements under both Rule 12(b)(1) and Rule 12(b)(6).").[2]

Federal Rule 12(b)(1) is a defense for lack of subject matter jurisdiction. A motion under Rule 12(b)(1) may be used to attack two different types of defects. The first is the pleader's failure to comply with Rule 8(a)(1), which means that the allegations in the complaint are insufficient to establish the court's jurisdiction over the subject matter of the case. The other defect that may be challenged under Rule 12(b)(1) is the court's actual lack of jurisdiction over the subject matter of the action, a defect that may exist despite the formal sufficiency of the allegations in the complaint. Federal Rule 12(b)(3) is a defense for lack for "improper venue," and Rule 12(b)(6) is a defense for failure to state a claim upon which relief may be granted.

### b. The Federal Arbitration Act

The Federal Arbitration Act ("FAA") provides that a written arbitration agreement, "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2; *see Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 67 (2010); *Amos v. Amazon Logistics, Inc.*, 74 F.4th 591, 595 (4th Cir. 2023). The FAA, 9 U.S.C. § 4, provides that "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement."[3] The FAA, 9 U.S.C. § 3, provides that the court "shall on application of one of the parties stay the trial

---

[2] To the extent the Court determines that Rule 12(b)(1) is not the appropriate basis for the requested relief, Alpha Plotter brings its motion under Rules 12(b)(3) and 12(b)(6).
[3] On August 13, 2024, Alpha Plotter served a notice of intent to compel arbitration upon Plaintiff. *See* (Ex. A).

4

of the action until such arbitration has been had in accordance with the terms of the agreement . . . ."

The standard for deciding a motion to compel arbitration brought under the FAA, 9 U.S.C. §4, is similar to the standard applicable to a motion for summary judgment. *See, e.g., Naimoli v. Pro-Football, Inc.*, No. TDC-22-2276, 2023 U.S. Dist. LEXIS 164632, at *4-5 (D. Md. Sept. 14, 2023).[4] To compel arbitration, the movant must show: "(1) a dispute exists between the parties; (2) the dispute falls within the scope of a written, valid agreement that includes an arbitration provision; (3) the parties' agreement relates to interstate or foreign commerce; and (4) the opposing party has failed or refused to arbitrate the dispute at hand." *Amos*, 74 F.4th at 595; *see also Adkins v. Lab. Ready, Inc.*, 303 F.3d 496, 500-01 (4th Cir. 2002); *De Sa v. RPS Holdings. LLC*, 577 F. Supp. 3d 395, 396-97 (E.D.N.C. 2022).

Under the FAA, a court interprets an arbitration agreement according to the intentions of the parties. *See, e.g., Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985); *Wash. Square Sec. Inc. v. Aune*, 385 F.3d 432, 435 (4th Cir. 2004). Although a court interprets an arbitration agreement using principles of state contract law, "due regard must be given to the federal policy favoring arbitration." *Volt Info. Scis. Inc. v. Bd. of Trs. of LeLand Stanford Junior Univ.*, 489 U.S. 468, 476 (1989); *see Wachovia Bank Nat'l Ass'n v. Schmidt*, 445 F.3d 762, 767 (4th Cir. 2006); *Newman v. First Montauk Fin. Corp.*, No. 7:08-CV-116, 2010 WL 2933281, at *4-5 (E.D.N.C. July 23, 2010) (unpublished).

Accordingly, "the parties' intentions are generously construed as to issues of arbitrability, and any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration."

---

[4] To the extent there are any unresolved facts that must be decided before determining whether arbitration is required, "the FAA calls for an expeditious and summary hearing to resolve those questions." *Dillon v. BMO Harris Bank, NA*, 787 F.3d 707, 713 (4th Cir. 2015) (internal quotation and citation omitted).

5

*Newman*, 2010 WL 2933281, at *4 (quotations and citation omitted); *see Mitsubishi Motors Corp.*, 473 U.S. at 626; *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983), superseded by statute on other grounds, 9 U.S.C. § 16(b)(1); *Aune,* 385 F.3d at 436. By enacting the FAA, Congress created a "presumption" in favor "of arbitrability." *AT&T Techs. Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986). A court must resolve any doubts in favor of arbitration and compel arbitration "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Id.*; *see, e.g., Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24-25; *Patten Grading & Paving, Inc. v. Skanska USA Bldg., Inc.*, 380 F.3d 200, 204 (4th Cir. 2004). Thus, "the <u>heavy presumption</u> of arbitrability requires that when the scope of the arbitration clause is open to question, a court must decide the question in favor of arbitration." *Peoples Sec. Life Ins. Co. v. Monumental Life Ins., Co.*, 867 F.2d 809, 812 (4th Cir. 1989) (emphasis added). Further, where an arbitration clause is reasonably susceptible of an interpretation that covers the dispute between the parties, only an "express provision" in the arbitration agreement excluding the dispute or "the most forceful evidence of a purpose to exclude the claim from arbitration" suffices to preclude arbitration. *Aune*, 385 F.3d at 436 (quotations omitted).

    **c. The Claim at Issue is Subject to the FAA, and Arbitration is Required.**

In its Complaint, Plaintiff asserts a single count for breach of contract. The Construction Contract is the contract that Plaintiff claims was breached. The Construction Contract provides that,"*[a]ny controversy or dispute arising out of or relating to this Agreement <u>will be</u>* submitted to mediation in accordance with any statutory rules of mediation. If mediation is not successful in resolving the entire dispute or is unavailable, *any outstanding issues <u>will be</u> submitted to final and binding arbitration* under the rules of the American Arbitration Association." (Doc. No. 1-1, ¶

6

20) (emphasis added). Where, as here, there are issues within the scope of a valid and binding arbitration provision, "[a] district court . . . has no choice but to grant a motion to compel arbitration." *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500 (4th Cir. 2002).

Plaintiff failed to provide Alpha Plotter with an opportunity to engage in "friendly negotiations" or mediate before Plaintiff initiated this action, and Plaintiff has improperly pursued its breach of contract and attachment claims through this civil action, rather than through required arbitration.[5] As such, this action should be dismissed, and the Court should order Plaintiff to mediate and, if unsuccessful, pursue its claims through arbitration.

Upon the granting of a motion to compel arbitration, the Court must determine whether to stay or dismiss Plaintiff's lawsuit. *See* 9 U.S.C. §§ 3, 4 (stating that when an arbitration agreement governed by the FAA covers claims that have been asserted in a lawsuit, the Court having jurisdiction over the case must compel arbitration and either dismiss the action or stay further judicial proceedings until arbitration has been held); *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709-10 (4th Cir. 2001) ("Notwithstanding the terms of § 3, however, dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable.").

The Complaint asserts one cause of action (for breach of contract) and provides that all claims arising under or relating to the Construction Contract are required to be arbitrated (after Plaintiff has satisfied pre-litigation requirements). As such, all the issues presented in this Action are subject to arbitration (and pre-arbitration required processes), meaning this action should be dismissed for lack of jurisdiction.

---

[5] The underlying Action was filed the day before Alpha Plotter was scheduled to visit the subject location to remove its property. The landlord provided notice of the Action seven (7) minutes before the scheduled visit and contemporaneously canceled the visit. The timing is, at best, suspect. Alpha Plotter believes the landlord has entered into an agreement to lease the property to Bo Tian, an estranged ex-member of Alpha Plotter who stole millions of dollars from the company.

7

### D. The Order of Attachment was Improperly Obtained

Having improperly pursued civil litigation, rather than the required (i) "friendly negotiation", (2) mediation, and (3) arbitration path specified in the Construction Contract, Plaintiff then used the existence of this action to apply for and obtain an order of attachment in the amount of $134,904.19. (*See* Ex. B). In so doing, Plaintiff has prevented Alpha Plotter from removing its property from the subject location (which information was presented to Alpha Plotter seven (7) minutes before it was scheduled to access the premises and remove its property). Alpha Plotter contends that the value of said attached property exceeds $1 million in value. Therefore, Alpha Plotter respectfully requests that the Court dissolve the order of attachment. *See, e.g., Kulko v. Superior Court*, 436 U.S. 84, 91, 98 S. Ct. 1690, 56 L. Ed. 2d 132 (1978) ("It has long been the rule that a valid judgment . . . may be entered only by a court having jurisdiction over the person of the defendant"); *Receiver for Rex Venture Grp., LLC v. Banca Comcerciala Victoriabank SA*, 843 F. App'x 485, 492 (4th Cir. 2021) (affirming order dissolving strike order where district court lacked personal jurisdiction over party); *Lockebridge, LLC v. RGMS Media, Inc.*, No. 11-12252-DJC, 2012 US Dist LEXIS 86504, at *35 (D. Mass. June 22, 2012) (dismissing preliminary injunction because court lacked jurisdiction).

### IV. CONCLUSION

The Construction Contract (that Plaintiff apparently drafted) is clear and explicit. Any litigation relating to the agreement is and was required to be pursued in arbitration, and only after Plaintiff engaged in "friendly negotiations" and mediation with Alpha Plotter. Plaintiff has breached the Construction Contract by filing and pursuing this action.[6] Its apparent intent in doing so was to obtain relief that it could not obtain in the required arbitration, namely an order of

---

[6] When called to answer in arbitration, Alpha Plotter will assert a claim for breach of contract and seek its costs and fees incurred in this improper Action.

attachment that has precluded Alpha Plotter from removing any of its property, with a total value in excess of $1 million in value, from the subject premises. Thus, this action is improper. Because all of the issues lawfully brought in this action are required to be arbitrated, the Court should dissolve the order of attachment, dismiss this action, and compel mediation and arbitration. This is not a harsh result. It is the exact outcome agreed upon by the parties through the Construction Contract.

This the 15th day of August, 2024.

LUCOSKY BROOKMAN, LLP

BY: /s/ SAMUEL L. BLATNICK
Samuel L. Blatnick
Anne L. Melton
111 Broadway, Suite 807
New York, New York 10006
*Attorneys for Defendant Alpha Plotter, LLC\**
*\* Pursuant to Local Civil Rule 5.3(b), Notices of Special Appearance will be filed on or before August 22, 2024*

HORNTHAL, RILEY, ELLIS & MALAND, LLP

BY: /s/ L. PHILLIP HORNTAL, III
L. Phillip Hornthal, III (N.C. Bar No. 19984)
Zachary M. Robeson (N.C. Bar No. 61844)
Hornthal, Riley, Ellis & Maland
301 East Main Street
Elizabeth City, NC 27909
(252) 335-0871
phornthal@hrem.com
zrobeson@hrem.com
*Local Civil Rule 83.1(d) Attorney for Defendant Alpha Plotter, LLC*

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certify that the foregoing MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS AND COMPEL ARBITRATION, complies with the word limits established in Local Civil Rule 7.2(f), in that the foregoing document contains 2,657 words, as counted in accordance with Local Civil Rule 7.2(f)(1).

This the 15th day of August, 2024.

                              LUCOSKY BROOKMAN, LLP

BY:    /s/ SAMUEL L. BLATNICK
           Samuel L. Blatnick
           Anne L. Melton
           111 Broadway, Suite 807
           New York, New York 10006
           *Attorneys for Defendant Alpha Plotter, LLC\**
           *\* Pursuant to Local Civil Rule 5.3(b), Notices of Special Appearance will be filed on or before August 22, 2024*

                              HORNTHAL, RILEY, ELLIS & MALAND, LLP

BY:    /s/ L. PHILLIP HORNTAL, III
           L. Phillip Hornthal, III (N.C. Bar No. 19984)
           Zachary M. Robeson (N.C. Bar No. 61844)
           Hornthal, Riley, Ellis & Maland
           301 East Main Street
           Elizabeth City, NC 27909
           (252) 335-0871
           phornthal@hrem.com
           zrobeson@hrem.com
           *Local Civil Rule 83.1(d) Attorney for Defendant Alpha Plotter, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certify that they electronically filed the MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS AND COMPEL ARBITRATION with the Clerk of Court using the CM/ECF filing system, which will notify counsel of record for the Plaintiff, in compliance with Rule 5 of the Federal Rules of Civil Procedure.

This the 15th day of August, 2024.

                                    LUCOSKY BROOKMAN, LLP

BY:    /s/ SAMUEL L. BLATNICK
           Samuel L. Blatnick
           Anne L. Melton
           111 Broadway, Suite 807
           New York, New York 10006
           *Attorneys for Defendant Alpha Plotter, LLC\**
           *\* Pursuant to Local Civil Rule 5.3(b), Notices of Special Appearance will be filed on or before August 22, 2024*

                              HORNTHAL, RILEY, ELLIS & MALAND, LLP

BY:    /s/ L. PHILLIP HORNTAL, III
           L. Phillip Hornthal, III (N.C. Bar No. 19984)
           Zachary M. Robeson (N.C. Bar No. 61844)
           Hornthal, Riley, Ellis & Maland
           301 East Main Street
           Elizabeth City, NC 27909
           (252) 335-0871
           phornthal@hrem.com
           zrobeson@hrem.com
           *Local Civil Rule 83.1(d) Attorney for Defendant Alpha Plotter, LLC*