IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

CIVIL ACTION FILE NO.: 4:24-cv-00112-FL

| | |
|---|---|
| AMERICAN BUILDERS, INC., ) | |
| Plaintiff ) | |
| ) | PLAINTIFF AMERICAN BUILDERS, |
| v. ) | INC.'S RESPONSE TO DEFENDANT |
| ) | ALPHA PLOTTER LLC'S MOTION |
| ) | TO DISMISS AND COMPEL |
| ALPHA PLOTTER LLC, ) | ARBITRATION |
| Defendant ) | |

Plaintiff American Builders, Inc. ("American Builders"), by and through its undersigned counsel, for its response to the Motion to Dismiss and Compel Arbitration filed by Defendant Alpha Plotter LLC ("Alpha Plotter") [D.E. 14, 15], says and avers as follows:

**Procedural Background**

American Builders filed its Verified Complaint against Alpha Plotter in Pitt County Superior Court on June 27, 2024. [D.E. 1, Ex. 1] American Builders' Verified Complaint asserts a claim for breach of contract and seeks to recover $117,307.99, attorneys' fees in the amount of $17,596.20 pursuant to N.C. Gen. Stat. § 6-21.2, pre and post-judgment interest, and costs. [*Id.*]

American Builders also pursued the ancillary, statutory remedies of attachment and garnishment. *See* N.C. Gen. Stat. § 1-440 *et seq.* On June 27, 2024,

American Builders filed its Affidavit in Attachment Proceedings[1] and obtained an Order of Attachment as to Alpha Plotter's property, including its business property located at 1512 Hooker Road, Greenville, NC. [D.E. 13-2, Exs. A, B] Also on June 27, 2024, the Pitt County Superior Court issued a Summons to Garnishee directed to Wellspring Properties, LLC ("Garnishee"), the owner of 1512 Hooker Road. [D.E. 13-2, Exs. C, G]

The Order of Attachment and Summons to Garnishee were served at 1512 Hooker Road on June 28, 2024. [D.E. 13-2, Exs. D, E] Alpha Plotter was served with American Builders' Complaint on July 8, 2024. [D.E. 13-2, Ex. F] On July 18, 2024, the Garnishee provided a listing of Alpha Plotter's property located at 1512 Hooker Road. [D.E. 13-2, Ex. G] On August 8, 2024, Alpha Plotter filed its Notice of Removal to this Court. [D.E. 1]

## Relevant Factual Background

On or about November 6, 2023, Alpha Plotter signed a written Construction Contract for American Builders to provide goods and services for a total price of $425,900. [D.E. 1, Ex. 1] Alpha Plotter failed to pay American Builders the final installment payment required by the Construction Contract. [*Id.*]

The Construction Contract contains the following provisions:

> 18. REMEDIES. In addition to any and all other rights a party may have available according to law of the State of North Carolina, if a party defaults...

---

[1] American Builders is entitled to attachment under North Carolina law because it seeks a money judgment against a non-resident and foreign corporation. N.C. Gen. Stat. §§ 1-440.2, 1-440.3.

20. DISPUTE RESOLUTION. The parties will attempt to resolve any dispute arising out of or relating to this Agreement through friendly negotiations amongst the parties. If the matter is not resolved by negotiation, the parties will resolve the dispute using the below Alternative Dispute Resolution (ADR) procedure.

Any controversies or disputes arising out of or relating to this Agreement will be submitted to mediation in accordance with any statutory rules of mediation. If mediation is not successful in resolving the entire dispute or is unavailable, any outstanding issues will be submitted to final and binding arbitration under the rules of the American Arbitration Association. The arbitrator's award will be final, and judgment may be entered upon it by any court having proper jurisdiction.

24. GOVERNING LAW. This Agreement shall be construed in accordance with, and governed by the laws of the State of North Carolina, without regard to any choice of law provisions…

## Argument

### I. This Court should order the parties to mediation before compelling arbitration.

Alpha Plotter seeks to invoke the arbitration provision contained within Paragraph 20 of the parties' Construction Contract. But that arbitration provision is subject to the prerequisite that the parties conduct a mediation. No mediation has occurred.[2]

If this Court is inclined to apply the dispute resolution provision in Paragraph 20, then the entire procedure of Paragraph 20 should be followed. This

---

[2] American Builders did speak with Alpha Plotter's counsel and American Builders did make a settlement offer. Alpha Plotter did not make any response.

Court should first order the parties to mediate pursuant to this Court's Rules, then the Court should refer the dispute to arbitration, if needed, after a post-mediation report from the parties.

> II. **Enforcement of Paragraph 20 results in a "stay" of this action, not dismissal. A recent United States Supreme Court decision definitively resolves this issue.**

Alpha Plotter's Motion asks this Court to both compel arbitration and to dismiss American Builders' claims. As the Supreme Court recently held in *Smith v. Spizzirri*, 601 U.S. 472 (2024), dismissal is not proper. Instead, this Court should refer the parties to mediation, then (if needed) stay the action and refer the dispute to arbitration.

*First*, the Federal Arbitration Act, the sole statutory basis cited by Alpha Plotter for its Motion, provides that upon a finding that an enforceable arbitration provision encompasses a pending claim, a court "shall on application of one of the parties stay the trial of the action until such arbitration has been had." 9 U.S.C. § 3 (emphasis added). Neither of Sections 3 or 4 of the Federal Arbitration Act call for dismissal of a pending action. 9 U.S.C. §§ 3, 4. Neither of those sections use the word "dismiss."

*Second*, Alpha Plotter's briefing misses controlling authority from the Supreme Court.[3] Alpha Plotter correctly quotes the 2001 comment by the Fourth

---

[3] Alpha Plotter cites the Fourth Circuit's opinion in *Aggarao v. MOL Ship Mgmt. Co. Ltd.*, 675 F.3d 355, 365-66 (4th Cir. 2012) as "affirming motion to enforce arbitration provision and dismiss pursuant to Fed. R. Civ. P. 12(b)(3)." That misstates the holding of *Aggarao*. The Fourth Circuit in *Aggarao* did not affirm the district court's dismissal. Instead, the Court stayed the action pending

Circuit in *Choice Hotels Int'l Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707 (4th Cir. 2001) that "dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable." 252 F.3d at 709-10. But the Supreme Court's May 2024 decision in *Smith v. Spizzirri*, 601 U.S. 472 (2024) held to the contrary.

Prior to *Smith v. Spizzirri*, "there [was] tension within the Fourth Circuit regarding whether dismissal or a stay is appropriate when granting a motion to compel arbitration." *Ayers v. Markiewicz*, 2024 WL 2126660, *7 (E.D.N.C. 2024). That tension no longer exists. In *Spizzirri*, the Supreme Court assessed "whether § 3 [of the FAA] permits a court to dismiss the case instead of issuing a stay when the dispute is subject to arbitration and a party requests a stay pending arbitration." 601 U.S. at 474. The Supreme Court held that "[i]t does not." *Id.*

In *Spizzirri*, because "all claims raised were subject to arbitration, the District Court concluded that it retained discretion to dismiss the action." *Id.* The Ninth Circuit affirmed. But the Supreme Court held that "the use of the word 'shall' [in § 3 of the FAA] creates an obligation impervious to judicial discretion" and "requires a court to stay the proceeding." *Id.* at 476 (internal citation omitted). Besides the text of the FAA, the Supreme Court found that "staying rather than dismissing a suit comports with the supervisory role that the FAA envisions for the

---

arbitration. 675 F.3d at 375-76, 380 ("We nevertheless vacate the dismissal of this case and remand for reinstatement thereof, for assessment of the injunction request, for entry of a stay pending arbitration…"). The *Aggarao* Court noted that "it was not divested of jurisdiction once it concluded that Aggarao's claims were subject to arbitration…" and that "the FAA commands the federal courts to stay any ongoing judicial proceedings and to compel arbitration." *Id.* at 365-66.

courts," such as by potentially "appointing an arbitrator," "enforcing subpoenas," or "facilitating recovery on an arbitral award." *Id.* at 478. This Court has recently applied *Spizzirri* in refusing a request for dismissal. *Multari v. Fakhoury*, 2024 WL 3166897, *5 (2024).

In light of the Supreme Court's recent decision in *Spizzirri*, Alpha Plotter's request for dismissal is without merit.

### III. The Order of Attachment and Garnishment obtained by American Builders in Pitt County Superior Court are valid and should remain in place pending any arbitration.

Alpha Plotter asserts that American Builders acted improperly in obtaining the statutory provisional remedies on attachment and garnishment. That assertion is without merit for any of the reasons set forth below.

*First*, Alpha Plotter cannot complain that it was not subject to attachment. Alpha Plotter agreed in the Construction Contract that if it did not pay what it owed, American Builders would have "any and all other rights a party may have available according to law of the State of North Carolina." [¶ 18] Attachment and garnishment are statutory rights that American Builders has under North Carolina law. N.C. Gen. Stat. §§ 1-440.2, 1-440.3, 1-440.22. While attachment and garnishment are preliminary remedies, they create orders which remain in place to preserve the status quo as to Alpha Plotter's property until the conclusion of this action. N.C. Gen. Stat. §§ 1-440.1, 1-440.21. Those statutory orders should remain in place to aid in the enforcement of any arbitration award.

6

*Second*, Alpha Plotter's removal of the action to this Court had no impact on the validity and effect of the Order of Attachment or garnishment. 28 U.S.C. § 1450 provides that the Order of Attachment and garnishment continue in full effect before this Court. That section states:

> Whenever any action is removed from a State court to a district court of the United States, any attachment or sequestration of the goods or estate of the defendant in such action in the State court shall hold the goods or estate to answer the final judgment or decree in the same manner as they would have been held to answer final judgment or decree had it been rendered by the State court.

Accordingly, Federal law provides for continuation of an Order of Attachment and garnishment issued by the State court even after removal to this Court.

*Third*, American Builders' action in obtaining provisional, ancillary remedies prior to arbitration is consistent with arbitration proceedings and rules. Those remedies are permitted by both North Carolina law and the Commercial Rules of the American Arbitration Association. North Carolina's version of the Revised Uniform Arbitration Act authorizes a State court to issue "provisional remedies" prior to an arbitration. N.C. Gen. Stat. § 1-569.8.

For example, in *Scottish Re Life Corp. v. Transamerica Occidental Life Ins. Co.*, the trial court issued "provisional remedies" prior to arbitration by requiring a party to "either repudiate its claim of rescission or return the assets it had received" and imposing "limits [] on the withdrawal of those funds." 184 N.C. App. 292, 294 (2007). The Court of Appeals affirmed that N.C. Gen. Stat. § 1-569.8

authorized the trial court's provisional remedies. *Id.* at 296 ("so long as appellee showed good cause, the trial court could order provisional remedies to the same degree possible in a state court action").

Similarly, the Rules of the American Arbitration Association, to which the parties' Construction Contract refers, also permit preliminary relief. Commercial Rule 38 allows any party to apply for emergency, preliminary relief to the same extent that they might under governing law: North Carolina law in this case. As stated above, North Carolina law entitles American Builders to attachment and garnishment on these facts.

*Fourth*, Alpha Plotter could not cite any authority which held that a party acted inappropriately by pursuing provisional remedies in a Court of competent jurisdiction prior to the commencement of an arbitration. Nor could Alpha Plotter cite any authority which determined that such provisional remedies were invalid or should be stricken. The lack of authority speaks volumes. There is no valid reason to set aside orders entered by Pitt County Superior Court prior to any arbitration provision.

*Finally*, Alpha Plotter's briefing confusingly and incorrectly cites authorities that are based upon the absence of personal jurisdiction. On page 8 of its Memorandum of Law, Alpha Plotter cites *Kulko*, *Receiver for Rex Venture Group, LLC*, and *Lockebridge, LLC* as holding that orders should be set aside based upon a lack of personal jurisdiction. Each of those decisions are based upon the "minimum

8

contact" and "purposeful availment" analysis attendant to personal jurisdiction concerns. The only decision relating to arbitration, *Lockebridge, LLC v. RGMS Media, Inc.*, dissolved an injunction based on an analysis independent of the presence of the arbitration provision. 2012 WL 2370114, *12-13 (D. Mass. 2012).

Personal jurisdiction has no place in this Court's analysis. There is no question that the Pitt County Superior Court and this Court have personal jurisdiction over Alpha Plotter. Alpha Plotter is registered to do business in the State of North Carolina and American Builders' claim is based upon Alpha Plotter's contract with it for work and improvements in Pitt County. [D.E. 1, Ex. A] There can be no serious argument that the Order of Attachment or garnishment are susceptible to challenge based on a lack of personal jurisdiction.

To the extent that Alpha Plotter contends that this Court should not retain jurisdiction over the action during the arbitration, that is incorrect. In *Sky Reefer*, 515 U.S. 528, 540 (1995), the Supreme Court held that District Courts retain jurisdiction over a case during an arbitration. This was also highlighted in the *Spizzirri* opinion, which noted that the FAA contemplates that a District Court may be a resource to the parties during and after the arbitration. 601 U.S. at 478 (citing 9 U.S.C. §§ 5, 7, 9).

As a result of the foregoing, American Builders' action in applying for and obtaining the Order of Attachment and garnishment were not inconsistent with North Carolina law nor the American Arbitration Association's rules. Those

9

provisional remedies, to which American Builders is entitled under governing North Carolina law, should remain valid and in full force and effect through any arbitration compelled by this Court and until the conclusion of this matter. That result is contemplated by 28 U.S.C. § 1450 and would serve the purpose of attachment and garnishment under North Carolina law. A stay of this action would not necessitate nor would it contemplate the dissolution of validly-entered orders by the State court. That is particularly true because any arbitrator may see fit to implement the Order of Attachment within its arbitration award.

## Conclusion

If this Court is inclined to enforce the dispute resolution provision of the parties' Construction Contract, then the Court should first direct the parties to mediate before referring this action to arbitration. A "stay" of this litigation, rather than a dismissal, is the proper remedy pending arbitration, and is the remedy specified by the Federal Arbitration Act.

The Order of Attachment and garnishment should remain in full force and effect pending the outcome of any arbitration because that result is consistent with the directive of 28 U.S.C. § 1450, American Builders is entitled to that relief by North Carolina statute, American Builders acted appropriately in obtaining those provisional remedies prior to arbitration, and those remedies may be implemented by any arbitrator into an award.

This the 21st day of August, 2024.

> /s/ Michael J. Parrish
> Michael J. Parrish
> N.C. State Bar I.D. No.: 38419
> email: docket@wardandsmith.com*
> email: mjp@wardandsmith.com**
> J. Michael Fields
> N.C. State Bar I.D. No.: 018170
> email: jmf@wardandsmith.com**
> Lilian L. Faulconer
> N.C. State Bar I.D. No.: 57886
> email: llfaulconer@wardandsmith.com**
> For the firm of
> Ward and Smith, P.A.
> Post Office Box 867
> New Bern, NC 28563-0867
> Telephone: 252.672.5400
> Facsimile: 252.672.5477
> Attorneys for Plaintiff American Builders, Inc.

*This email address must be used in order to effectuate service under the Federal Rules of Civil Procedure.

** Email address to be used for all communications other than service.

100158-00002
ND:4863-4791-8808, v. 1