UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| American Builders, Inc., | Case No.: 4:24-CV-00112-FL |
| Plaintiff, | |
| v. | ALPHA PLOTTER LLC'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO COMPEL ARBITRATION |
| Alpha Plotter LLC, | |
| Defendant. | |

COMES NOW, Defendant, Alpha Plotter LLC ("Alpha Plotter"), by and through its undersigned counsel of record, and hereby submits this reply in further support of its motion to dismiss and compel arbitration. (the "Motion") (Doc. No. 14).

By and through the Motion, Alpha Plotter seeks to invoke its contractual rights to resolve this dispute through arbitration before the American Arbitration Association. Section 4 of the Federal Arbitration Act (the "FAA") provides that, "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. Section 3 of the FAA further provides that, when any issue in a suit is subject to arbitration, the court:

> [S]hall on application of one of the parties stay the trial of the action until such arbitration has been held in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

Plaintiff apparently does not contest that the agreement between the parties provides for the claims asserted in this Action to be arbitrated (and only following: (i) "friendly negotiations" and (ii) mediation). However, rather than honoring the procedure articulated in the agreement,

1

Plaintiff nonetheless initiated litigation in North Carolina state court without engaging in any pre-litigation communications with Alpha Plotter concerning settlement and/or mediation.[1]

By and through its opposition, Plaintiff now requests that this matter be stayed, and that mediation and arbitration (if necessary) be ordered. (Doc. No. 18, at 4).[2] Plaintiff does not seek an order requiring the Parties to engage in the subject contract's requirement for pre-litigation "friendly negotiations."

Plaintiff does not provide any legal support for its proposition that mediation should now be ordered. The Fourth Circuit held in *Chorley Enters., Inc. v. Dickey's Barbecue Rests., Inc.*, 807 F.3d 553 (4th Cir. 2015), that a determination of whether a mediation requirement is satisfied "*must be decided by the arbitrator, not the court*." 807 F.3d at 565 (emphasis added). As such, Plaintiff's request is not properly raised in this forum.

To the extent the Court considers Plaintiff's mediation request, Plaintiff has waived any rights to invoke mediation. It is well established in the Fourth Circuit that "waiver is the voluntary and intentional relinquishment of a known right, and courts have been disinclined lightly to presume that valuable rights have been conceded in the absence of clear evidence to the contrary." *Doe v. Kidd*, 501 F.3d 348, 354 (4th Cir. 2007) (internal quotation marks and citation omitted). By initiating litigation without first engaging in "friendly discussions" or mediation, Plaintiff has waived its right to pre-litigation mediation. *See, e.g., Lane v. CMH Homes, Inc.*, No. 3-22-0566, 2023 U.S. Dist. LEXIS 48642, at *6 (S.D. W. Va. Mar. 22, 2023) ("Thus, based on the facts of this case and upon review of the BDRA, the Court finds that an enforceable contract

---

[1] Plaintiff improperly filed its action immediately before Alpha Plotter was scheduled to enter the subject premises and remove its property. As such, it appears that Plaintiff conduct was intentionally aimed at using the improperly-filed action to obtain attachment.

[2] Plaintiff does not seek an order requiring the Parties to engage in "friendly" settlement discussions before mediation.

between Plaintiffs and CMH exists and Plaintiffs have waived their right to mediation under the Agreement as a prerequisite to arbitration [by initiating litigation].").

Plaintiff cites to the Supreme Court's *very recent* decision in *Smith v. Spizzirri*, 601 U.S. 472 (2024), wherein the Supreme Court resolved a circuit split concerning a district court's inherent authority to dismiss litigation where, as here, plaintiff initiates a civil action and a valid arbitration agreement exists between the parties. Alpha Plotter and its counsel appreciate Plaintiff raising this case. Plaintiff correctly notes that the correct outcome is an ordering compelling arbitration and staying this Action, rather than dismissing the Action without prejudice.

By initiating this Action without first complying with its conceded contractual requirements, Plaintiff breached the subject agreement.[3] Plaintiff apparently did so to use the improperly-filed action to encumber Alpha Plotter's assets. Having admittedly initiated litigation in an improper forum without satisfying its pre-litigation, contractual obligations, Plaintiff argues that its attachment should remain in effect.

Plaintiff initiated this Action in North Carolina state court. Plaintiff contends that the subject court possessed personal jurisdiction over Alpha Plotter, but it does not address the question of subject matter jurisdiction. It is well established that, "[t]he applicability of an arbitration agreement is a question of jurisdiction." *See Huntington Alloys, Inc. v. United Steelworkers of Am.*, 623 F.2d 335, 338 (4th Cir. 1980). This is made clear in Section 4 of the FAA, which provides that, "[a] party aggrieved by the alleged failure . . . to arbitrate under a written agreement for arbitration may petition any United States district court which, *save for the agreement, would have had jurisdiction under title 28*…" (emphasis added). As such, subject-matter jurisdiction was lacking when Plaintiff used the improper state court action as a means to

---

[3] Alpha Plotter anticipates asserting one or more counterclaims related to the subject breach and all other breaches of the agreement by Plaintiff.

3

obtain the attachment. "[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630, 122 S. Ct. 1781, 152 L. Ed. 2d 860 (2002).

Federal Rule of Civil Procedure 60(b)(4) provides that, "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . any other reason that justifies relief." The Court of Appeals for the Fourth Circuit has applied Rule 60(b) to, e.g., set aside a final judgment where the court rendering it lacked subject matter jurisdiction. *Wendt v. Leonard*, 431 F.3d 410, 412 (4th Cir. 2005) (holding a final judgment order is "void" under Rule 60(b)(4) if the court rendering judgment lacked subject matter jurisdiction.).

In the present instance, Plaintiff usurped its contractual obligations and filed the North Carolina action with the specific intent to use the improperly-filed action as a means for obtaining the attachment (on the eve of Alpha Plotter's scheduled date to remove its property). However, the North Carolina state court lacked subject matter jurisdiction, rendering the attachment inherently improper. There could be no arguable basis for jurisdiction given the clear and explicit language of the subject agreement. As such, Alpha Plotter respectfully requests that the Court set aside the attachment. And, as Plaintiff correctly notes, the American Arbitration Association's rules provide for provisional remedies. As such, Plaintiff may seek such relief from the arbitrator once the proceeding has been commenced in accordance with the subject contract.

This the 26th day of August, 2024.

LUCOSKY BROOKMAN, LLP

BY: /s/ SAMUEL L. BLATNICK
Samuel L. Blatnick
Anne L. Melton
111 Broadway, Suite 807
New York, New York 10006
*Attorneys for Defendant Alpha Plotter, LLC*

HORNTHAL, RILEY, ELLIS & MALAND, LLP

BY: /s/ L. PHILLIP HORNTHAL, III
L. Phillip Hornthal, III (N.C. Bar No. 19984)
Zachary M. Robeson (N.C. Bar No. 61844)
Hornthal, Riley, Ellis & Maland
301 East Main Street
Elizabeth City, NC 27909
Telephone: (252) 335-0871
Fax : (252) 335-4223
Email: phornthal@hrem.com
Email: zrobeson@hrem.com
*Local Civil Rule 83.1(d) Attorney for Defendant Alpha Plotter, LLC*

5

# CERTIFICATE OF COMPLIANCE

The undersigned hereby certify that the foregoing ALPHA PLOTTER LLC'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO COMPEL ARBITRATION complies with the word limits established in Local Civil Rule 7.2(f), in that the foregoing document contains 1,220 words, as counted in accordance with Local Civil Rule 7.2(f)(1).

This the 26th day of August, 2024.

    LUCOSKY BROOKMAN, LLP

BY:    /s/ SAMUEL L. BLATNICK
        Samuel L. Blatnick
        Anne L. Melton
        111 Broadway, Suite 807
        New York, New York 10006
        *Attorneys for Defendant Alpha Plotter, LLC*

    HORNTHAL, RILEY, ELLIS & MALAND, LLP

BY:    /s/ L. PHILLIP HORNTHAL, III
        L. Phillip Hornthal, III (N.C. Bar No. 19984)
        Zachary M. Robeson (N.C. Bar No. 61844)
        Hornthal, Riley, Ellis & Maland
        301 East Main Street
        Elizabeth City, NC 27909
        Telephone: (252) 335-0871
        Fax: (252) 335-4223
        Email: phornthal@hrem.com
        Email: zrobeson@hrem.com
        *Local Civil Rule 83.1(d) Attorney for Defendant Alpha Plotter, LLC*